### BENJAMIN WEYMOUTH *vs.* WILLIAM McLELLAN.

Where money has been paid in part performance of the conditions of a bond for the conveyance of land; and where the party paying it suffered the bond to expire without fulfilling the other stipulations contained in it, and thereby forfeited all claim to have a conveyance of the land; he cannot recover back the money thus paid.

ASSUMPSIT for money paid, laid out and expended, and for money had and received. The defendant had an interest in a tract of land owned by an association, of whom *J. W. Appleton* was one, called the *Languedoc* tract, under said *Appleton,* with the privilege of being interested in any other lands the association might purchase on paying his share. This interest the defendant assigned to one *Locke,* on certain conditions, and *Locke* assigned to the plaintiff. Before any breach of the conditions on the part of the plaintiff, the association agreed to purchase another tract, called the *Sunderland* tract; and the plaintiff on being called on by *Appleton* to make his election and pay his share of the advance money, if he elected to be concerned in the purchase, paid *Appleton* for this purpose $225,00, which sum *Appleton* credited to the *defendant* towards his share so assigned to *Locke.* The plaintiff suffered the bond to expire without fulfilling the same on his part, and brought this action against the *defendant* to recover of him the $225 paid to *Appleton.* The trial was before *Parris J.,* who charged the jury, that if they found, that the plaintiff paid the money to *Appleton* for the purpose of securing to himself the interest in the *Sunderland* tract, in case he should perfect his title to the *Languedoc* tract, which he then had a right to do, he had no legal claim against

the defendant for the money. The verdict was for the defendant, and was to be set aside, if the instruction was wrong.

*Codman,* for the plaintiff, contended, that this was not like the case of *Rounds* v. *Baxter,* 4 *Greenl.* 454, but a case where the consideration had failed, like those in 10 *Mass. R.* 31 ; 13 *Mass. R.* 216 ; and 5 *Mass. R.* 199. He also contended, that this money went to the use of the defendant, and that the plaintiff was entitled to recover it from him, because it was unconscionable in him to retain it ; and cited 12 *Mass. R.* 365 ; 8 *Mass. R.* 257 ; *ib.* 266.

*Preble,* for the defendant, said, that the defendant had neither received the money, nor derived any benefit from the payment of it ; and he could not conceive on what principle the suit could be maintained. If the money had been received by the defendant in part fulfilment of the stipulations in the bond, the law was very well settled, that it could not be recovered back, as the plaintiff had wholly failed to comply with the conditions on his part. *Ketchum* v. *Evertson,* 13 *Johns. R.* 359.

The opinion of the Court was, after a continuance, delivered by

WESTON C. J. — We cannot distinguish this case in principle from that of *Rounds* v. *Baxter,* 4 *Greenl.* 454. The plaintiff had become the assignee in part of the right to purchase lands, upon certain specified conditions. He paid the money he seeks to reclaim in this action, with a view to perfect and avail himself of the purchase. He ultimately came to the conclusion, that the bargain might be a losing one, and went no farther.

Although the plaintiff may have been disappointed in the result, there has been no failure of consideration. That consisted in the chance of gain from the contract, a portion of which was assigned to him. It was also a prejudice to the defendant to forego this chance, and to deprive himself of the right, for the period limited in the bond, to sell the same interest to others. The jury have found, that the plaintiff paid the money, to secure an interest of his own. If it has enured to the benefit of the defendant, it is because the plaintiff has elected to abandon that payment, rather than to encounter the peril of greater loss. He may have decided wisely. In our judgment, he must abide by this result. We do not per-

ceive that he has any legal or equitable claim to recover of the defendant the amount he has paid.

*Judgment on the verdict.*